IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DONNELL QUARTERMAN,
    Plaintiff,

vs.                                  3:05CV367/RV/MD

CAPTAIN VICKI L. BURNHAM,
    Defendant.

## **REPORT AND RECOMMENDATION**

Plaintiff, an inmate of the Florida penal system proceeding pro se, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 on September 20, 2005. Plaintiff names Captain Vicki Burnham as the lone defendant in this action. Plaintiff claims that Captain Burnham violated his constitutional rights when she directed a subordinate officer to spray him with pepper spray.

Section IV of the civil rights complaint form deals with previous lawsuits. The introductory note explains that failure to disclose **all** prior civil cases may result in the dismissal of the instant case, and that if a litigant is unsure of any prior cases that have been filed, that fact must be disclosed as well. Plaintiff is then asked whether he has initiated other actions in state or federal court dealing with the same or similar facts, to which he responded "no" and whether he has initiated any other actions in either state or federal court relating to the fact or manner of his imprisonment or the conditions of this imprisonment. The latter question clearly indicates that both habeas corpus petitions and civil rights complaints must be reported. Plaintiff indicates that he has, but he failed to provide a description of the cases, as required by the complaint form. The final question

dockets.Justia.com

is whether the plaintiff has had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service.  Plaintiff is then required to identify every case so dismissed, and to provide details about each case, attaching additional pages as necessary.  Plaintiff has identified five cases in this section.  At the end of the civil rights complaint form, plaintiff signed his name after the following statement on the form: "I declare under penalty of perjury that the foregoing statements of fact, including all continuation pages, are true and correct."

The Clerk has advised, and this Court may take judicial notice of the fact that plaintiff has previously filed the following cases in the Northern District of Florida, none of which were listed on the complaint form:

    3:00cv213/RH Quarterman v. Moore

    3:95cv30137/RV Quarterman v. Norris

    3:99cv224/RH Quarterman v. Johnson, et al.

    4:94cv40463/WS Quarterman v. First District Court

    5:94cv50246/LAC Quarterman v. Singletary, et al.

A cursory review reveals that all of these cases have to do with the fact or manner of his incarceration or the conditions of his confinement, and two of them were dismissed prior to service.

The court has the authority to control and manage matters such as this pending before it, and plaintiff's pro se status does not excuse him from conforming to acceptable standards in approaching the court.  If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice.  The court will not tolerate false responses or statements in any pleading or motion filed before it.  Here, plaintiff falsely responded to a question on the complaint form, as detailed above.  The volume of his litigation and the substance of his arguments convince this court that plaintiff <u>understands</u> the severity of not revealing the truth to the court.  Furthermore, one of the plaintiff's cases before the Middle District of Florida, 3:03cv1035, was dismissed for this very reason.

*Case No: 3:05cv367/RV/MD*

This court recommends that an appropriate sanction for plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause. Plaintiff should also be warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions. See, e.g., United States v. Roberts, 308 F.3d 1147 (11th Cir. 2002) (inmate convicted of perjury for false statement made on pleading filed in federal court).

Accordingly, it is respectfully RECOMMENDED:

That this cause be dismissed as malicious pursuant to 28 U.S.C. §1915(e)(2)(B)(i) for plaintiff's abuse of the judicial process.[1]

At Pensacola, Florida, this 30th day of September, 2005.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).

---

[1] Dismissal of this action does not relieve plaintiff of the obligation to pay the full filing fee in this case. Thus, the court's Order Granting Leave to Proceed *In forma pauperis* in which the agency having custody of the plaintiff was instructed to forward monthly payments from plaintiff's prison account towards the balance due of the filing fee, remains in effect.

*Case No: 3:05cv367/RV/MD*